(September 30, 1915.)

## GOOD ROAD DISTRICT NO. 2 OF WASHINGTON COUNTY, a Municipal Corporation, Appellant, v. WASHINGTON COUNTY, a Municipal Corporation, and FRANK E. SMITH, Clerk of the District Court and *ex-officio* Auditor and Recorder of Washington County, Respondents.

[152 Pac. 183.]

SUBSTITUTION OF PARTIES—TAX LEVY IN GOOD ROAD DISTRICTS—AP-PORTIONMENT FOR CONSTRUCTION AND REPAIR OF ROADS AND BRIDGES.

1. *Held*, under sec. 4108, Rev. Codes, that Weiser Valley Highway District is entitled to be substituted for, and in lieu of, Good Road District No. 2.

2. The purpose of the enactment of sections 1049 to 1060, inclusive, Rev. Codes, and the amendments thereto (secs. 1056 and 1058 amended, Sess. Laws, 1909, pp. 172, 173, sec. 1054 amended, Sess. Laws, 1911, p. 188, and sec. 1056 amended, Sess. Laws, 1915, p. 48), was to create good road districts and provide for the raising of money by tax levies for the construction and improvement of highways within such districts.

3. "Highways," as defined by sec. 874, Rev. Codes, "are roads, streets or alleys, and bridges, laid out or erected by the public, or if laid out or erected by others, dedicated or abandoned to the public."

4. Sec. 1056, Rev. Codes, as amended, Sess. Laws, 1909, pp. 172, 173, provides *inter alia* that "the county auditor shall set apart seventy-five per cent (75%) of the general tax levy raised for road purposes in the district to the credit of such district, which shall constitute a fund for the improvement of the roads in such district." *Held*, that it was the intention of the legislature to include the tax levy for bridge as well as for road purposes, and that it is the duty of the county auditor to set apart 75 per cent of the general tax levy raised in a good road district for both road and bridge purposes to the credit of such district for the improvement of its roads and bridges.

APPEAL from the District Court of the Seventh Judicial District for Washington County. Hon. Ed. L. Bryan, Judge.

Action to recover tax collections made by Washington county for bridge purposes in a good road district. Judgment for defendant. *Reversed.*

Ed. R. Coulter, for Appellant.

The terms "highway" and "road" have been used indiscriminately, and are synonymous in our statute. (Secs. 874, 882 and 936, Rev. Codes.)

Reference to the definition of "roads," "highways" and "bridges" as found in "Words and Phrases" shows that the general interpretation given by all authorities of the various states is to the effect that bridges are a part of roads and highways.

A change in the limits of a municipality by annexing territory thereto does not change the identity of the corporation or affect the title of property which it holds at the time of the annexation. As a general rule, on the consolidation of municipal corporations, or the annexation by one municipality of the territory of another, under legislative authority, the property and assets of the old corporations or the corporation whose territory is annexed becomes, in the absence of provisions to the contrary, the property and assets of the consolidated or annexing corporation. (28 Cyc. 219, and cases cited; *Maumee School Tp. v. Shirley City School Town,* 159 Ind. 423, 65 N. E. 285.)

James Harris, for Respondents.

Sec. 896, Rev. Codes, as amended by chapter 60 of the 1911 Sess. Laws determines definitely that there is a distinction in law between a tax for road purposes and a tax for bridge purposes. It must follow that the phrase "general tax levy raised for road purposes" means the same in one section of the law as in another and that when it is used in sec. 1056 it was intended to indicate the same tax as it did in sec. 900 and as it does in sec. 896.

BUDGE, J.—The plaintiff, Good Road District No. 2, was duly organized and created under the general laws of the

state of Idaho applicable to the good road districts, and was exercising the functions of such district in pursuance of sections 1056 to 1060, Rev. Codes, as amended Sess. Laws 1909, p. 172, prior to and during the years 1910, 1911 and 1912.

On September 1, 1913, the board of commissioners of said good road district failed to provide or levy a tax upon the assessable property within said district as provided by sec. 1056, Rev. Codes, as amended, *supra;* and it never at any time voted bonds for the improvement of roads within that district.

On December 8, 1914 the territory within Good Road District No. 2 together with adjoining lands was duly organized into a highway district known as the "Weiser Valley Highway District," of Washington county.

This action was instituted by the appellant in the district court of the seventh judicial district in and for Washington county, on July 25, 1913. Judgment was rendered January 28, 1914. This appeal was perfected during the month of February, 1914. The order creating the Weiser Valley Highway District was duly entered on December 17, 1914.

Upon the hearing of this cause, the appellant by proper notice and motion moved this court to enter an order substituting the Weiser Valley Highway District of Washington county in lieu and instead of Good Road District No. 2. This motion for substitution is based on sec. 4108, Rev. Codes, which provides that "An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action or proceedings survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

It appears from the motion and the affidavits of counsel for appellants that the territory included in Good Road District No. 2 and the Weiser Valley Highway District is practically the same. The general boundaries of the two districts do not differ materially and the assessed valuation of each is approximately the same. We are therefore of the opinion that the showing is sufficient to authorize the court in allowing appellant's motion for substitution of Weiser Valley Highway District in lieu of Good Road Distrist No. 2; and, therefore, motion to dismiss this cause of action is denied.

This action was brought by Good Road District No. 2, now Weiser Valley Highway District of Washington county, plaintiff below and appellant here, against Washington county, a municipal corporation, and Frank E. Smith, clerk of the district court and *ex-officio* auditor and recorder of Washington county defendants below and respondents here, to recover from said Washington county seventy-five per cent of the moneys levied and collected from within said good road district, during the years 1910, 1911 and 1912, and placed in what the respondents term the ''general bridge fund'' of Washington county for said years.

To the complaint of the plaintiff below the defendant interposed a general demurrer, which demurrer was by the court sustained, and judgment was entered in favor of respondents and against appellant. From that judgment this appeal is taken.

There are three causes of action in the complaint. The allegations contained in the second and third causes of action are the same as to all matters, except that the second cause of action is for the year 1911 and the third is for 1912. For each of these years the board of county commissioners of Washington county made a general levy on all of the assessable property of the county for road purposes, and a like general levy for bridge purposes. The county assessor during these years collected the taxes pursuant to such levies. After the taxes were collected, the county auditor of Washington county set apart to the appellant road district seventy-five per cent of the taxes raised pursuant to the levy for road pur-

poses, but refused to pay over to said road district seventy-five per cent of the money collected in that district pursuant to the levy for bridge purposes.

These levies were made in compliance with sec. 1056, Rev. Codes, as amended Sess. Laws 1909, p. 172, which provides:

"It shall be the duty of the board of good road commissioners to provide for a tax levy each year, within their respective districts, upon all the assessable property within their respective districts, sufficient to pay the interest on bonds outstanding against such district, also to pay any other indebtedness incurred during the year in which such levy is made; and also to provide for a permanent sinking fund of not less than five per cent of the bonded indebtedness of their district. They shall, on or before the first day of September of each year, make an estimate of the amount of money necessary to be collected, together with the amount of assessable property within their district, together with the names of the owners thereof, and shall deliver said list to the county auditor of their respective counties. The county auditor shall apportion such assessment to each property owner within said district according to the values as returned by the county assessor of the county in which such district is located, and all taxes so levied shall become a valid lien against such property, and shall be collected by the county assessor as other taxes are collected. For the purpose of providing moneys for the more extensive improvement of roads in such districts, there is hereby appropriated and the county auditor shall set apart seventy-five per cent (75%) of the general tax levy raised for road purposes in the district to the credit of such district, which shall constitute a fund for the improvement of the roads in such district."

This suit was instituted by the appellant to compel the county auditor of Washington county to make the same apportionment of the moneys received by reason of said levy from the inhabitants of Good Road District No. 2 for bridge purposes as was made for road purposes.

Appellant bases its right to recover upon sec. 1056, Rev. Codes, as amended, Session Laws 1909, *supra*. The question

involves the construction of the latter portion of that section, namely, that "there is hereby appropriated and the county auditor shall set apart seventy-five per cent (75%) of the general tax levy raised for road purposes in the district to the credit of such district, which shall constitute a fund for the improvement of the roads in such district."

The Session Laws of 1915, at page 48, removed all doubt, so far as this question is concerned, by adding to said section the words "and bridge purposes," so that that portion of the section as amended now reads: "For the purpose of providing moneys for the more extensive improvement of roads in such districts, there is hereby appropriated and the county auditor shall set apart seventy-five per cent (75%) of the general tax levy raised for road and bridge purposes in the district to the credit of such district, which shall constitute a fund for the improvement of the roads and bridges in such district." This amendment was no doubt due to a misunderstanding between the county commissioners and the commissioners of the good road district; the latter contending that they were entitled to receive seventy-five per cent of the funds resulting from the general tax levy for bridge as well as for road purposes received from their respective districts.

We do not call attention to the amendment of Sess. Laws 1915, p. 48, for the purpose of establishing a rule of statutory construction; nor do we intend to hold that a subsequent amendment to a statute, such as this one, in and of itself determines the construction that should be placed upon the prior statute; but simply direct attention to this later act of the legislature which, to us, is an obvious indication of the object sought to be attained in the organization of these road districts, and the expenditure of money raised by general tax levies within them.

The purpose of the enactment of sections 1049 to 1060, inclusive, Rev. Codes, and the amendments thereto (secs. 1056 and 1058 amended, Sess. Laws, 1909, pp. 172, 173, sec. 1054 amended, Sess. Laws, 1911, p. 188, and sec. 1056 amended, Sess. Laws, 1915, p. 48), was to create good road districts and to provide means whereby money could be raised by a general

levy from the inhabitants residing within the boundaries of a good road district to be expended for the construction, improvement and repair of the highways within said district.

. Sec. 874, Rev. Codes, defines highways as follows:

"Highways are roads, streets or alleys, and bridges, laid out or erected by the public, or if laid out or erected by others, dedicated or abandoned to the public."

From a reading of this section it clearly appears that bridges are included in, and made a part of, roads or highways. And a reasonable construction of sec. 1056, Rev. Codes, as amended, *supra,* will support the conclusions we have reached that the legislature intended that seventy-five per cent of the general tax levy for road purposes included both road and bridge purposes; that road districts were entitled to receive seventy-five per cent of the moneys paid in by reason of a general levy to be used for the purpose of improving, extending, constructing and repairing roads and bridges within such districts; and that twenty-five per cent of the moneys raised under a general levy within a good road district should be expended by the county commissioners under the general law governing the expenditures of money raised for road and bridge purposes within the county.

The trial court erred in sustaining the demurrer to appellant's complaint.. This cause is remanded, with instructions to the trial court to overrule the demurrer and direct the respondents to answer.   Costs are awarded to appellant.

Sullivan, C. J., and Morgan, J., concur.